IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE: PUBLIC FIRST LAW CENTER,<br><br>Movant. | MISC. NO. 26-00250 JMS-KJM<br>CR. NO. 22-000093 JMS-2<br><br>ORDER GRANTING IN PART MOTION TO UNSEAL SENTENCING RECORDS |

**ORDER GRANTING IN PART MOTION TO UNSEAL SENTENCING RECORDS**

## I. INTRODUCTION

This matter involves a motion by Public First Law Center ("PFLC") to unseal sentencing records in a criminal case against Defendants Jamey Denise Jackson ("Ms. Jackson") and her husband, Curtiss Jackson ("Mr. Jackson"). Specifically, PFLC seeks the unsealing of (1) the government's motion for a downward departure in sentencing based on Ms. Jackson's cooperation in the prosecution of Mr. Jackson, ECF No. 264,[1] (2) the government's sentencing memorandum for Ms. Jackson, ECF No. 335, and (3) Ms. Jackson's sentencing

[1] Unless otherwise specified, ECF citations in this Order are to docket entries in the underlying criminal case, Cr. No. 22-00093 JMS-2.

memorandum, ECF Nos. 336, 336-1 through 336-7. For the reasons that follow, PFLC's motion is GRANTED IN PART.

## II. LEGAL PRINCIPLES

The First Amendment creates a "presumption that the public and the press have a right of access to criminal proceedings and documents filed therein." *CBS, Inc. v. U.S. Dist. Ct. for Cent. Dist. of Calif.*, 765 F.2d 823, 825 (9th Cir. 1985). This presumption applies throughout a criminal case. *See id.* (recognizing that the presumed right of access applies "in pretrial proceedings as well as in the trial itself" and finding "no principled basis for affording greater confidentiality to post-trial documents and proceedings than is given to pretrial matters"); *Civ. Beat. L. Ctr. for Pub. Int., Inc. v. Maile*, 117 F.4th 1200, 1208 (9th Cir. 2024) ("As both [the Ninth Circuit] and the Supreme Court have recognized, the First Amendment grants the public a presumptive right to access nearly every stage of post-indictment criminal proceedings, including pretrial proceedings, preliminary hearings, voir dire, trials, and post-conviction proceedings, as well as records filed in those criminal proceedings.") (collecting cases).

Notwithstanding this presumption, a right of access "does not attach to every judicial proceeding or court record." *Maile*, 117 F.4th at 1204. Rather, an "experience and logic" test governs whether such a right applies to a particular process and the information associated with it. *Press-Enterprise Co. v. Superior*

*Ct. of Calif. for Riverside Cnty.*, 478 U.S. 1, 9 (1986). The experience and logic test considers "whether the . . . process [has] historically been open to the press and general public" and "whether public access plays a significant positive role" in the process's functioning. *Id.* at 8.

"[E]ven when a right of access attaches, it is not absolute." *Id.* at 9 (citing *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 606 (1982)). Instead, it is a qualified right that may be overcome where "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017) (quoting *Oregonian Publ'g Co. v. U.S. Dist. Ct. for Dist. of Or.*, 920 F.2d 1462, 1466 (9th Cir. 1990)). In applying this three-part test, sealing and closure decisions must be made "on a case-by-case basis," *Globe Newspaper*, 457 U.S. at 608, and must be supported by "specific factual findings," *Doe*, 870 F.3d at 998.

## A. Right of Access to Cooperation Information

Neither the Supreme Court nor the Ninth Circuit has decided whether a qualified right of access applies to information about a criminal defendant's completed cooperation with the government and resulting sentencing benefits. *See United States v. Doe*, 870 F.3d 991, 997 (9th Cir. 2017) (assuming without

deciding that a right applies). *In re Copley Press*, 518 F.3d 1022 (9th Cir. 2008), however, held that such a right applies to a cooperation addendum to a plea agreement, which describes a defendant's anticipated cooperation. *Id.* at 1026. For purposes of the threshold question of whether a right of access applies, the court sees no meaningful difference between information about anticipated cooperation and information about completed cooperation. As a result, the court is bound by *Copley* to conclude that a qualified right of access applies to a United States Sentencing Guideline § 5K1.1 motion and the cooperation information it contains.[2]

**B. Right of Access to Health and Medical Information**

The Ninth Circuit has held that a qualified right of access applies to medical and health records filed in judicial proceedings. *Maile*, 117 F.4th at 1209–10. Of course, a countervailing right to privacy "may justify sealing a particular medical or health record." *Id.* at 1210. But because the "individual privacy

---

[2] The government's argument on this point discusses *United States v. Kincaide*, 119 F.4th 1074 (6th Cir. 2024), in which the Sixth Circuit held that no right of access applies to cooperation agreements. *Id.* at 1078. *Kincaide* questioned the rationale underlying *Copley*'s contrary holding and suggested that *Copley* was "subsequently questioned" by the Ninth Circuit in *United States v. Doe*, 870 F.3d 991 (9th Cir. 2017). *Id.* at 1084. The Sixth Circuit panel concluded that it was "not bound to follow" *Copley*'s "unreasoned rule." *Id.* But even if *Doe* did question *Copley*'s rationale, it did not—and could not—overrule *Copley*'s holding. *See, e.g.*, *United States v. Gay*, 967 F.2d 322, 327 (9th Cir. 1992) ("As a general rule, one three-judge panel of this court cannot reconsider or overrule the decision of a prior panel."). And although the Sixth Circuit was not bound to follow *Copley*, this court is. *See, e.g.*, *Brewster v. County of Shasta*, 112 F. Supp. 2d 1185, 1191 (E.D. Cal. 2000) ("[T]his court must adhere to a holding of the Ninth Circuit until it is overruled. . . . Moreover, it is the holding which binds, not the rationale.").

interest implicated by a particular record may vary," a "general interest" in protecting privacy "cannot justify the categorical, mandatory sealing of every such record." *Id.*; *see also United States v. Dillard*, 795 F.3d 1191, 1205–06 (10th Cir. 2015) ("We have previously recognized that the privacy interest inherent in personal medical information can overcome the presumption of public access."). Accordingly, as a threshold matter, a qualified right of access applies to medical and health information filed in court.

## III. DISCUSSION

The government's position is that ECF No. 264 (motion filed under § 5K1.1 of the United States Sentencing Guidelines) should remain entirely under seal, and that the parts of ECF Nos. 335 and 336 (sentencing memoranda) that "reference and discuss" ECF No. 264 should also remain under seal.

Ms. Jackson's position is that all three documents should remain entirely under seal, both because they contain information about her cooperation, and because her sentencing memorandum contains information about her health and medical history. Because the court determines that a qualified right of access applies to both categories of information, the court must apply the three-part test to determine which parts of the three documents—if any—may remain under seal.

## A. Ms. Jackson's Cooperation Information

The Ninth Circuit has recognized that cooperating defendants face "grave threats . . . in the era of remote access to court files," and that "the threat to cooperators 'also interferes with the gathering of evidence' and 'the presentation of witnesses.'" *Doe*, 870 F.3d at 1001. The government argues that the risks faced by cooperators are heightened in this case because of Mr. Jackson's "violent and abusive nature," the witness intimidation he engaged in, and the "significant financial judgment and restitution" he owes as a result of his convictions. ECF No. 16 at PageID.91, in Misc. No. 26-00250 JMS-KJM. Based on these case-specific factors, the government argues that keeping the documents under seal serves a compelling interest in protecting Ms. Jackson's safety. And Ms. Jackson also seeks to keep the documents under seal, stating that inmates at the facility where she is currently incarcerated "are on the lookout" for cooperators and regularly "stigmatize" them. ECF No. 17 at PageID.105, in Misc. No. 26-00250 JMS-KJM.

The court disagrees with both the government and Ms. Jackson—instead, the court determines that there is not a substantial probability that Ms. Jackson's safety would be jeopardized by unsealing the documents at issue. First, her cooperation—including her public testimony at trial—is no secret to Mr. Jackson, who was present at trial and represented himself. Second,

Mr. Jackson remains incarcerated with a release date of March 20, 2034, at which time he will be 80 years old. *See* Federal Bureau of Prisons, *Find an inmate* (last visited September 9, 2026), https://www.bop.gov/mobile/find_inmate/byname.jsp. Third, because the evidence at trial established that Mr. Jackson and Ms. Jackson carried out the criminal scheme on their own, there is no broader network of individuals who might seek retribution for her cooperation. *Cf. Doe*, 870 F.3d at 999 (recognizing non-speculative risk to a cooperator who had been involved with "a wealthy, international cartel" that had "threatened his family" and "lost roughly half a million dollars as a result of [his] arrest"). And fourth, the documents at issue here contain little information about Ms. Jackson's cooperation that is not already in the public record.

In Ms. Jackson's trial testimony, she explicitly acknowledged having "agree[d] to cooperate with the government as a part of [her] guilty plea." ECF No. 374 at PageID.4370. In addition, at sentencing, both the government and Ms. Jackson's counsel emphasized her cooperation. *See* ECF No. 355 at PageID.3148–3149, PageID.3153–3154.[3] The government made clear that her cooperation "extend[ed] beyond testifying" at trial and "led to additional charges"

[3] Transcripts of Ms. Jackson's trial testimony and her sentencing hearing are not under seal, and are available for public viewing in the court's CM/ECF system. *See* ECF Nos. 355, 374, and 375.

against Mr. Jackson. *Id.* at PageID.3148–49. Based in part on the value of Ms. Jackson's cooperation, the government recommended a sentence of 37 months—41 months below the bottom of the guideline range. *See id.* at PageID.3143, 3149. Ms. Jackson's counsel likewise emphasized her cooperation, stating that she had "provided substantial assistance to the government in its prosecution of Mr. Jackson," including by helping investigators access online records and "by testifying against him." *Id.* at PageID. 3154. And in explaining its intended sentence, the court credited the government's assessment that Ms. Jackson's testimony had been "very important" in general, and in particular had been essential to securing a conviction for one of the charges against Mr. Jackson. *Id.* at PageID.3164.

Because the documents at issue here reveal little information about Ms. Jackson's cooperation that is not already known to Mr. Jackson and available to the broader public, there is not a "substantial probability" that unsealing would jeopardize her safety. *Doe*, 870 F.3d at 998. In short, applying the relevant test, there is no basis for keeping information about her cooperation information under seal. *Id.*

**B. Ms. Jackson's Health and Medical Information**

"[P]rotecting an individual's constitutional and statutory right to privacy is a compelling interest that may justify sealing" medical and health

information filed in court. *Maile*, 117 F.4th at 1210. A compelling interest in the right to privacy certainly exists where, as here, the right "is asserted by the affected individual." *Id.*

That said, "interests in privacy fade when the information involved already appears on the public record." *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 494–95 (1975); *see also CBS, Inc.*, 765 F.2d at 825 (concluding that sealing was not justified in part because "the information the government seeks to keep confidential concerns matters that might easily be surmised from what is already in the public record"). Here, the public record contains some of the health and medical information that Ms. Jackson seeks to keep under seal. For example, she testified during trial about (1) having second-stage cancer, ECF No. 374 at PageID.4433, (2) being under psychiatric care, *id.* at PageID.4459, (3) having been hospitalized, ECF No. 375 at PageID.4510, (4) having undergone heart surgery, *id.* at PageID.4518, and (5) having overcome an "addiction" to psychics, *id.* at PageID.4523. And the sentencing transcript (again, available for public viewing on the court's CM/ECF system) contains references to (1) Ms. Jackson's cancer diagnosis and her ongoing need for cancer screenings, ECF No. 355 at PageID.3154, 3162, (2) her having been abused by Mr. Jackson and by her father, *id.* at PageID.3154, (3) her having witnessed the traumatic death of her grandson, *id.* at PageID.3155, (4) her ongoing "mental health issues," *id.* at PageID.3162, and

(5) her amenability to "continued mental health treatment" while incarcerated, *id.* at PageID.3150.

Given these references in the public record, there is not a substantial probability that unsealing the same information would harm Ms. Jackson's privacy interests. Having reviewed Ms. Jackson's sentencing memorandum, however, the court finds that it contains additional health and medical details that are not in the public record. The court finds that redaction of those non-public details is an appropriate alternative that will adequately protect Ms. Jackson's privacy interests without the need to keep the sentencing memorandum entirely under seal.

## IV. CONCLUSION

PFLC's motion is GRANTED IN PART. The government's § 5K1.1 motion, ECF No. 264, and the government's sentencing memorandum for Ms. Jackson, ECF No. 335, will be unsealed in their entirety. Ms. Jackson's sentencing memorandum, ECF No. 336, will be unsealed with limited redactions of health and medical information. And finally, Exhibits A and C to Ms. Jackson's sentencing memorandum, ECF Nos. 336-1 and 336-3, will be unsealed without redactions, while Exhibits B, D, E and F (ECF Nos. 336-2, 336-4, 336-5, and 336-6) will remain under seal as agreed by the parties during a September 2, 2026 status conference.

As also agreed during that status conference, the court will provide the government and Ms. Jackson's counsel a redacted copy of Ms. Jackson's sentencing memorandum by September 16, 2026. If a notice of appeal is not filed by September 30, 2026, unsealing will proceed. If an appeal is filed by that date, the effect of this order will be stayed, and all the subject documents will remain under seal while the appeal is resolved.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 16, 2026.

/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge